UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

PATRICK FAIRCLOUGH, an individual,

    Plaintiff,

v.

TRIANA FAMILY FENCE, INC.,
a Florida Corporation,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff, PATRICK FAIRCLOUGH (hereinafter referred to as "Plaintiff" and "FAIRCLOUGH"), was an employee of Defendant, TRIANA FAMILY FENCE, INC., a Florida Corporation (hereinafter "Defendant" or "TRIANA FENCE"), and brings this action against Defendant for alleged race discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq.*

2. At all times material to this action, FAIRCLOUGH has been an individual whose race is Black and who has resided in Miami-Dade County, Florida, within the jurisdiction of this Court.

3. Defendant, TRIANA FENCE, has at all times material to this Complaint owned and operated a fence business in South Florida based at 395 North Flagler Avenue, Homestead, Florida 33030, see corporate website at trianafence.com, in Miami-Dade County, within the jurisdiction of this Court.

4. Jurisdiction is conferred on this Court by 28 U.S.C. §§1331 and 1343.

1

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as a substantial part of the events giving rise to this action occurred in Miami-Dade County, within the jurisdiction of the United States District Court for the Southern District of Florida.

6. On or around October 5, 2015, FAIRCLOUGH applied for a General Laborer position with TRIANA FENCE.

7. However, TRIANA FENCE's Vice-President, Richard "Ricky" Triana, advised FAIRCLOUGH in approximately early November 2015 that Defendant was not hiring Plaintiff because of conflicting reasons, including but not limited to Mr. Triana saying that FAIRCLOUGH's application could not be located and TRIANA FENCE purportedly had "no work" at that time—despite the fact FAIRCLOUGH understood from communicating with at least one of Defendant's other employees that TRIANA FENCE had several openings in October-November 2015 that did not require prior fence-industry specific work experience.

8. Based upon information and belief, TRIANA FENCE's employees in October 2015 were primarily comprised of Hispanic and Non-Black workers.

9. At all times material to this action, FAIRCLOUGH was capable of performing the essential job duties of a Laborer for TRIANA FENCE.

10. The reason(s) proffered by TRIANA FENCE in November 2015 for not hiring FAIRCLOUGH were discriminatory because of Plaintiff's race, Black, and were a pretext for discrimination against Plaintiff because of his race, Black, in violation of Title VII.

11. All conditions precedent to the institution of the claims in this Complaint have either occurred or been waived.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12. On June 9, 2016, FAIRCLOUGH dual filed a Charge of Discrimination against TRIANA FENCE with the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) alleging race discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq*. A copy of FAIRCLOUGH's EEOC Charge, Charge No. 510-2016-01465, is attached hereto as Exhibit A.

13. On or around May 7, 2020, the EEOC issued a Notice of Right to Sue to FAIRCLOUGH on Charge No. 510-2016-01465, see Exhibit B.

14. This Complaint is being filed with the Court within Eighty-Nine (89) days of the undersigned counsel's receipt via e-mail of the Notice of Right to Sue in connection with Charge No. 510-2016-01465 and FAIRCLOUGH has exhausted all administrative remedies on the Title VII claims pled in the Complaint.

15. All conditions precedent to the institution of this action have either occurred or been waived.

**COUNT I**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,**
**42 U.S.C. §2000e ET SEQ. - RACE DISCRIMINATION**

Plaintiff, PATRICK FAIRCLOUGH, reasserts and reaffirms the allegations of Paragraphs 1 through 15 as if fully set forth herein and further states that this is an action against TRIANA FAMILY FENCE, INC., for race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.

16. Title VII of the Civil Rights Act of 1964, as amended, provides that it is unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's **race**, color, religion, sex, or national origin…." 42 U.S.C. §2000e-2(a)(1).

17.    At all times material to this action, TRIANA FENCE had fifteen (15) or more employees within the meaning of 42 U.S.C. §2000e(b).

18.    Between approximately October 2015 and November 2015, FAIRCLOUGH was subjected to disparate treatment by TRIANA FENCE because of Plaintiff's race, Black, when TRIANA FENCE failed or refused to hire FAIRCLOUGH because of Plaintiff's race, Black, in violation of 42 U.S.C. §2000e-2(a)(1).

19.    A motivating factor behind TRIANA FENCE's failure and/or refusal to hire FAIRCLOUGH between approximately October 2015 and November 2015 was Plaintiff's race, Black, in violation of 42 U.S.C. §2000e-2(a)(1).

20.    TRIANA FENCE's violations of Title VII were intentional and were done with malice and reckless disregard for FAIRCLOUGH's rights as guaranteed under the laws of the United States.

21.    FAIRCLOUGH suffered lost earnings and employment benefits, emotional distress, loss of self-esteem, and other injuries as a direct result of TRIANA FENCE's violation of 42 U.S.C. §2000e-2(a)(1).

22.    Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), FAIRCLOUGH is entitled to recover from TRIANA FENCE his reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, PATRICK FAIRCLOUGH, demands judgment against Defendant, TRIANA FAMILY FENCE, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not

limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## JURY TRIAL DEMAND

PATRICK FAIRCLOUGH demands trial by jury on all issues so triable.

Dated: August 4, 2020            Respectfully submitted,

By: **s/KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone: (305) 901-1379
Facsimile: (561) 288-9031

Hazel Solis Rojas, Esquire
Florida Bar No. 91663
E-mail: hazel@solisrojaslaw.com
LAW OFFICE OF HAZEL SOLIS ROJAS, P.A.
3105 NW 107th Avenue, Suite 400
Doral, Florida 33172
Telephone: (305) 558-8402
Fax: (305) 504-8953

Attorneys for Plaintiff

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 510-2016-01465 |

Florida Commission On Human Relations                          and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Patrick T. Fairclough | (786) 660-8401 | 04-20-1979 |

Street Address: 419 S. W. 2nd Ave., Homestead, FL 33030

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| TRIANA FENCE, INC. | 15 - 100 | (305) 248-5804 |

Street Address: 395 North Flagler Avenue, Homestead, FL 33030

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10-05-2015   Latest: 11-07-2015
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a Non-Hispanic Black individual. On October 5, 2015, I applied and was qualified for a General Laborer position with Triana Fence, Incorporated. I have not been selected because of my race, Black and because I am not Hispanic. It has come to my attention that Triana Fence Inc. does not have any Black/African Americans employed.

I have been given inconsistent reasons for not being hired, but all of them have been a pretext to discrimination. I have been made aware that there are several openings that require no experience.

I believe that I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

06-07/16   /s/ Patrick Fairclough
Date       Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

# EXHIBIT B

EEOC Form 161-B (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Patrick T. Fairclough<br>PO Box 900262<br>Homestead, FL 33090 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2016-01465 | Mario R. Hernandez, Investigator | (786) 648-5841 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*      May 7, 2020

Enclosures(s)      **Michael J. Farrell, District Director**      *(Date Mailed)*

cc:
**Respondent's Representative**
Ricky Triana
Owner
Triana Fence, INC.
395 North Flagler Avenue
Homestead, FL 33030

**Charging Party's Representative**
Keith M. Stern, Esq.
Law Office of Keith M. Stern, P.A.
80 SW 8th Street, Suite 2000
Miami, FL 33130

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*